IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| WBI ENERGY TRANSMISSION, INC., | CV 14-130-BLG-SPW |
| Plaintiff, | |
| | OPINION and ORDER |
| vs. | |
| Easement and Right-of-Way Across: | |
| <u>Township 2 South, Range 29 East</u><br>Section 34: E1/2SE14,<br>E1/2W1/2SE1/4<br>Section 35: N1/2SW1/4, NW1/4<br><u>Township 5 South, Range 26 East</u><br>Section 10: SW1/4SW1/4<br>Section 15: W1/2NW1/4<br>Section 21: N1/2SE1/4, SE1/4SE1/4<br><u>Township 7 South, Range 25 East</u><br>Section 9: NW1/4SE1/4<br><u>Township 6 South, Range 26 East</u><br>Section 6: S1/2SE1/4<br>Section 7: All<br>Section 8: W1/2W1/2NW1/4<br><br>in Big Horn and Yellowstone Counties, Montana;<br><br>ARVILLA PLAINBULL aka ARVILLA TOWNSEND; UNITED STATES OF AMERICA; and UNKNOWN OWNERS; | |
| Defendants. | |

1

Before the Court are three motions in limine filed by Defendant Arvilla Plainbull. For reasons discussed below, the Court denies all three of the motions.

## I. Background

Plainbull is a Native American owner of several allotments located on the Crow Reservation. (Doc. 23 at 3). Plaintiff WBI Energy Transmission, Inc. ("WBI Energy") owns and operates an interstate natural gas pipeline that crosses Plainbull's allotments. (*Id.* at 3-5). In 1990, WBI Energy was granted a 20-year right-of-away across Plainbull's allotments. (Doc. 25-1). After the right-of-way's expiration, WBI Energy and Plainbull were unable to come to terms for the renewal of the right-of-way. (Doc. 23 at 5). WBI Energy's final written offer to Plainbull was for $61,100. (Doc. 25 at 5).

Unable to get consent to operate the pipeline across Plainbull's allotments, WBI Energy brought this action to condemn the pipeline's right-of-way pursuant to the Natural Gas Act, 15 U.S.C. § 717 et seq. WBI Energy also relies upon 25 U.S.C. § 357 as authority to condemn a Native American allotment.

Plainbull has filed three motions in limine. Although motions in limine are not typically filed this early in the discovery process, Plainbull asks the Court to resolve these issues in advance of the expert disclosures to simplify the issues and eliminate unnecessary costs. Plainbull moves the Court to order that: (1) The practice and procedure for this condemnation action is done pursuant to Montana

law; (2) WBI Energy is precluded from presenting evidence or arguing that the value of the property sought to be condemned is worth less than the final offer of $61,100; and (3) WBI Energy is precluded from presenting evidence or arguing that the condemnation can be for more than a 20 year term. The Court will address each motion separately.

## II. Motion in Limine #1

Plainbull argues that under the plain language of 15 U.S.C. § 717f(h) and 25 U.S.C. § 357, Montana condemnation law applies in this action. WBI Energy counters that the subsequently enacted Fed. R. Civ. P. 71.1 has superseded the practice and procedural portions of those statutes. The Court agrees with WBI Energy.

A qualified entity can condemn property to obtain the necessary right-of-way to "construct, operate, and maintain" pipelines for transporting natural gas if it is unable to come to an agreement with the landowner. 15 U.S.C. § 717f(h). Although the condemnation action can be brought in federal court, § 717f(h) provides:

> The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated[.]

3

Congress added subsection (h) to § 717f in 1947. *Alliance Pipeline L.P. v. 4.360 Acres of Land, More or Less, in S/2 of Section 29, Twp. 163 N., Range 85 W., Renville Cnty., N.D.*, 746 F.3d 362, 367 (8th Cir. 2014).

25 U.S.C. § 357 authorizes condemnation on Native American allotments, and it similarly provides:

> Lands allotted in severalty to Indians may be condemned for any public purpose under the laws of the State or Territory where located in the same manner as land owned in fee may be condemned, and the money awarded as damages shall be paid to the allottee.

§ 357 was enacted in 1901. Reading §§ 717f(h) and 357 in isolation would lead to the conclusion that Montana law should apply in this action, as Plainbull's allotments are located within the State of Montana. However, at the time of their enactments the Federal Rules of Civil Procedure did not provide the framework for initiating a condemnation action. *Alliance Pipeline*, 746 F.3d at 367.

Fed. R. Civ. P. 71.1 was subsequently adopted in 1951 and provides procedures for condemning real or personal property. Rule 71.1, like all the Federal Rules of Civil Procedure, was adopted pursuant to the Rules Enabling Act. Under the Rules Enabling Act, any procedural laws in conflict with the Federal Rules of Civil Procedure "shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b).

Every circuit to consider this issue has concluded that Rule 71.1 supersedes the state-law directive contained in § 717f(h). *Alliance Pipeline*, 746 F.3d at 367.

4

The nationally uniform approach of Rule 71.1 conflicts with the state-by-state procedural approach of § 717f(h). *N. Border Pipeline Co. v. 64.111 Acres of Land in Will Cnty., Illinois*, 344 F.3d 693, 694 (7th Cir. 2003). Therefore, the state-law directive in § 717f(h) "shall be of no further force or effect." *Id.* (quoting 28 U.S.C. § 2072(b)). While the Ninth Circuit has not directly considered the issue, it commented in dicta that:

> While Rule 71.1 cannot provide additional substantive rights under the NGA, it seems clear that it does supercede that part of the § 717f(h) which requires the district court to "conform as nearly as may be with the practice and procedure in similar action or proceedings in the courts of the State where the property is situated."

*Transwestern Pipeline Co. v. 17.19 Acres of Prop. Located in Maricopa Cnty.*, 550 F.3d 770, 776 n. 7 (9th Cir. 2008).

For the same reason, Rule 71.1 also supersedes the state-law procedural directive contained in § 357. As the state-by-state procedural approach contemplated in § 357 is in conflict with the subsequently-adopted Rule 71.1, it is "of no further force or effect." 28 U.S.C. § 2072(b). In addition to § 717f(h), Rule 71.1 supersedes the practice and procedure language contained in other statutes. *S. Natural Gas Co. v. Land, Cullman Cnty.*, 197 F.3d 1368, 1373-74 (11th Cir. 1999). There is no reason why the procedural directive in § 357 should not suffer the same fate.

The Court is aware that any ambiguities should be construed in favor of Native Americans. *Confederated Tribes of Chehalis Indian Reservation v. State of Wash.*, 96 F.3d 334, 340 (9th Cir. 1996). However, there is no ambiguity here. Rule 71.1 conflicts with the procedural component of § 357. Pursuant to the Rules Enabling Act, Rule 71.1 trumps. Plainbull's first Motion in Limine is denied.

### III. Motion in Limine #2

Plainbull argues that pursuant to Montana law, WBI Energy is precluded from introducing evidence that the amount of just compensation should be less than the final written offer of $61,100. WBI Energy contends that Montana law does not apply, and nothing in Rule 71.1 or the Natural Gas Act imposes such a rule.

Mont. Code Ann. § 70-30-111(1)(d) requires a condemnor to make a final written offer before initiating condemnation proceedings. As discussed above, Rule 71.1 has supplanted Montana procedural condemnation rules. If Mont. Code Ann. § 70-30-111(1)(d) is construed as a procedural rule, than it is not applicable in this proceeding.

Plainbull contends that even if Rule 71.1 supersedes contrary state procedural rules, state substantive law encompassing the amount of just compensation still applies. Plainbull relies upon *Columbia Gas Transmission Corp. v. Exclusive Natural Gas Storage Easement*, 962 F.2d 1192 (6th Cir. 1992).

In *Columbia Gas*, the Sixth Circuit held that based upon the "practice and procedure" language found in § 717f(h), state substantive law should be used for determining just compensation for cases brought under the Natural Gas Act. *Id.* at 1199. The Court notes that courts in other circuits disagree with the holding in *Columbia Gas*. *Tennessee Gas Pipeline Co. v. Permanent Easement for 1.7320 Acres & Temp. Easements for 5.4130 Acres in Shohola Twp., Pike Cnty., PA*, 2014 WL 690700, at *9-10 (M.D. Pa. Feb. 24, 2014); *see also Guardian Pipeline, L.L.C. v. 950.80 Acres of Land*, 2002 WL 1160939, at *1 (N.D. Ill. May 30, 2002) (finding that *Columbia Gas* relies "in part on a dubious distinction between government and a private entity exercising the federal power") and *Portland Natural Gas Transmission Sys. v. 19.2 Acres of Land*, 318 F.3d 279, 282 n. 1 (1st Cir. 2003) (commenting in dicta that "[p]erhaps surprisingly, several circuits have read the phrase 'practice and procedure' to encompass state substantive law as well as formal practice"). As far as this Court can tell, the Ninth Circuit has not directly addressed this issue.

However, even assuming that Montana substantive law applies, the Court does not agree with Plainbull's argument that WBI Energy would be precluded from introducing evidence that just compensation is below the final written offer amount. The only Montana law cited by Plainbull is Mont. Code Ann. § 70-30-

111(1)(d). However, § 70-30-111(1)(d) just requires the condemnor to make a final written offer.

The Court cannot find any Montana law that would preclude a condemnor from arguing to the commissioners or the jury that just compensation is below the final written offer amount. The trier of fact uses the fair market value of the property to determine the amount of just compensation. Mont. Code Ann. § 70-30-302(1). The final written offer is not a factor to be considered when determining fair market value. Mont. Code Ann. § 70-30-313. The only effect of the final written offer, other than serving as a prerequisite to the condemnation action, is that the condemnee is entitled to recover litigation expenses if the condemnee receives an award in excess of the final written offer. Mont. Code Ann. § 70-30-305(2).

While the Court could not find a Montana Supreme Court case that considered this issue, there is at least one case where the condemnor presented evidence that the fair market value was less than the final written offer amount. In *Montana Dep't of Transp. v. Simonson*, the State of Montana made a final written offer of $30,000 to the property owners. 87 P.3d 416, 419 (Mont. 2004). The property owners rejected the offer, and the State's expert testified at trial that the fair market value was $20,550. *Id.* at 418. Although the property owners appealed

other aspects of the expert's testimony, they did not argue that he could not testify that the fair market value was below the written offer.

In conclusion, the Court reserves a decision on whether Montana substantive law applies to determining the just compensation for the right-of-way across Plainbull's allotments. However, even if Montana law does apply, WBI Energy would not be precluded from presenting evidence that just compensation is below its final written offer of $61,100. Plainbull's second Motion in Limine is denied.

**IV. Motion in Limine #3**

Plainbull argues that WBI Energy should be precluded from arguing that its condemnation can be for more than a 20 year term. Plainbull relies upon 25 U.S.C. §§ 321 and 323. WBI Energy contends that since it is seeking condemnation, §§ 321 and 323 are inapplicable. The Court agrees with WBI Energy.

25 U.S.C. § 321 authorizes the Secretary of the Interior to grant easements across Indian allotments for the construction, operation, or maintenance of pipelines, provided that the easement "shall not extend beyond a period of twenty years." Congress subsequently enacted 25 U.S.C. § 323, which authorizes the Secretary to grant rights-of-way "subject to such conditions as he may prescribe." Pursuant to the Secretary's regulations, a new easement for gas pipelines can be permanent. 25 C.F.R. § 169.18. Easement renewals can be granted "for a like term of years." 25 C.F.R. § 169.19.

However, condemnation through § 357 provides "an alternative method for the acquisition of an easement across allotted Indian land." *S. California Edison Co. v. Rice*, 685 F.2d 354, 357 (9th Cir. 1982). Congress has provided both §§ 323 and 357 as avenues to obtain a right-of-way across an allotment. *Nicodemus v. Washington Water Power Co.*, 264 F.2d 614, 618 (9th Cir. 1959). "The potential condemnor may proceed under § 357 to condemn the right-of-way, or he may apply to the Secretary of the Interior for permission to purchase the right-of-way under [§ 323], if the allottees' consent is obtained." *Yellowfish v. City of Stillwater*, 691 F.2d 926, 930 (10th Cir. 1982). Both methods are equally possible, and the condemnor can choose which path to pursue. *Nicodemus*, 264 F.2d at 618.

Here, WBI Energy proceeds under the Natural Gas Act and § 357. Since condemnation provides an alternative method to acquire the easement, WBI Energy is not confined by the perimeters of § 321 or § 323. Accordingly, nothing precludes WBI Energy from arguing for a term longer than 20 years. Plainbull's third Motion in Limine is denied.

## V. Conclusion

For the reasons discussed above, IT IS HEREBY ORDERED that all three of the motions contained in Plainbull's First Combined Motions in Limine (Doc. 24) are DENIED.

DATED the 10th day of July, 2015.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge