

FILED
FEB - 8 2017
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WBI ENERGY TRANSMISSION, INC.,<br><br>Plaintiff,<br>vs.<br>Easement and Right-of-Way Across:<br><br><u>Township 2 South, Range 29 East</u><br>Section 34: E1/2SE14, E1/2W1/2SE1/4<br>Section 35: N1/2SW1/4, NW1/4<br><br><u>Township 5 South, Range 26 East</u><br>Section 10: SW1/4SW1/4<br>Section 15: W1/2NW1/4<br>Section 21: N1/2SE1/4, SE1/4SE1/4<br><br><u>Township 7 South, Range 25 East</u><br>Section 9: NW1/4SE1/4<br><br><u>Township 6 South, Range 26 East</u><br>Section 6: S1/2SE1/4<br>Section 7: All<br>Section 8: W1/2W1/2NW1/4<br><br>in Big Horn and Yellowstone County, Montana,<br>Consisting of Approximately 12.55 Acres,<br><br>ARVILLA PLAINBULL aka ARVILLA TOWNSEND, UNITED STATES OF AMERICA, and UNKNOWN OWNERS,<br><br>Defendants. | Cause No. CV 14-130-BLG-SPW<br><br><br><br><br>**ORDER GRANTING SUMMARY JUDGMENT ON RIGHT TO TAKE AND FOR IMMEDIATE POSSESSION** |

Upon consideration by the Court of the following:

1. Condemnation Complaint (Doc. #3), as amended by the First Amended Complaint (Doc. #2);

2. Statement of Stipulated Facts (Doc. #21);

3. WBI Energy's Summary Judgment Motion for Order of Taking and Immediate Possession (Doc. #40);

4. Statement of Undisputed Facts in Support of Motion for Summary Judgment Order of Taking and Immediate Possession (Doc. #41);

5. Affidavit of Tom Stortz (Doc. #43);

6. Affidavit of Jeff Rust (Doc. #44);

7. WBI Energy's Brief in Support of Motion for Summary Judgment Order of Taking and Immediate Possession (Doc. #45);

8. Order of June 21, 2016 (Doc. #47);

9. Order of December 8, 2016 (Doc. #60); and

10. The record in this matter,

**THE COURT HEREBY ORDERS AS FOLLOWS:**

## STATEMENT OF FACTS

1. WBI is a natural gas company within the meaning of the Natural Gas Act, 15 U.S.C. § 717a(6), and is engaged in gathering, storing, and transporting natural gas in interstate commerce. Statement of Stipulated Facts, ¶ 1 (Doc. #21). WBI operates under the jurisdiction of the Federal Energy Regulatory Commission ("FERC"). *Affidavit of Jeff Rust at* ¶ 2 (Doc. #44).

2. WBI, or its predecessor, Montana-Dakota Utilities Company, has been in the pipeline business in the states of Montana, North Dakota, South Dakota, and Wyoming for more than seventy-five years. Currently, WBI Energy operates approximately 3,800 miles of transmission and gathering pipelines. *Affidavit of Jeff Rust at ¶ 3* (Doc. #44).

3. On February 13, 1985, FERC issued to Williston Basin Interstate Pipeline Company (n/k/a WBI Energy Transmission, Inc.) a Certificate of Public Convenience and Necessity (the "Certificate") authorizing it to acquire and operate the interstate pipeline facilities previously owned and operated by Montana-Dakota Utilities Co. ("MDU"), as well as to provide the certificated service previously provided by MDU. This included a Certificate of Public Convenience and Necessity authorizing routine activities (a "blanket certificate") issued November 24, 1982. The blanket certificate authorized MDU to perform the activities specified in Subpart F of Part 157 of the Commission's Regulations, as amended from time to time, including the construction, acquisition, and operation of facilities for the transportation and storage of natural gas. *Affidavit of Jeff Rust at ¶ 4* (Doc. #44).

4. On July 1, 2012, Williston Basin Interstate Pipeline Company amended its Articles of Incorporation to change its name to WBI Energy Transmission, Inc. *Affidavit of Jeff Rust at ¶ 5* (Doc. #44).

5. WBI is the owner and operator of a 12-inch diameter interstate natural gas pipeline (the "Pipeline"), a portion of which crosses the Crow Indian Reservation. *Statement of Stipulated Facts,* ¶ *2* (Doc. #21). Construction of the Pipeline was completed in 1950. The Pipeline has been in its present location and continuously operating since its construction. *Affidavit of Tom Stortz at* ¶ *2* (Doc. #43). The Certificate issued by FERC covers the Pipeline. *Affidavit of Jeff Rust at* ¶ *6* (Doc. #44).

6. That portion of the Pipeline crossing the Crow Indian Reservation was subject to a right-of-way grant issued by the Bureau of Indian Affairs (the "Right-of-Way"). *Affidavit of Tom Stortz at* ¶ *3* (Doc. #43). On April 6, 2009, WBI filed an application for renewal of the Right-of-Way with the Bureau of Indian Affairs. *Affidavit of Tom Stortz at* ¶ *3* (Doc. #43).

7. Arvilla Plainbull ("Mrs. Plainbull") is a beneficial Indian owner of an undivided portion of allotments 1901 and 2009, and all of allotments 2037-A, 2036-A, and 1085-B (the "Subject Property"). Mrs. Plainbull's ownership interest, whether in whole or in part, was obtained as an heir, devisee and successor to the original allottees under the General Allotment Act of 1887. The United States holds Mrs. Plainbull's interest in trust as an individual Indian allottee. *Statement of Stipulated Facts,* ¶ *3* (Doc. #21).

8. The Crow Tribe of Indians is the beneficial owner of an undivided portion of allotments 1901 and 2009. The United States holds the Crow Tribe's interest in trust for the benefit of the Crow Tribe. *Statement of Stipulated Facts, ¶ 3* (Doc. #21).

9. WBI attempted to reach an agreement with Mrs. Plainbull for the renewal of the Right-of-Way. *Statement of Stipulated Facts, ¶ 5* (Doc. #21). WBI and Mrs. Plainbull were unable to reach a consensual agreement as to the renewal of the right-of-way for the Pipeline and the compensation to be paid for the same. *Statement of Stipulated Facts, ¶ 5* (Doc. #21). WBI negotiated in good faith with Mrs. Plainbull.

10. The Subject Property is necessary for the operation and maintenance of the Pipeline for the transportation of natural gas and for associated facilities necessary for the proper operation of the Pipeline. *Affidavit of Jeff Rust at ¶ 10* (Doc. #44).

11. Mrs. Plainbull, through counsel, put WBI on notice that she will not allow it access to the Subject Property for any reason. *Statement of Undisputed Facts in Support of Motion for Summary Judgment Order of Taking and Immediate Possession ¶ 17* (Doc. #41).

12. WBI must be able to access the Pipeline through the Subject Property

for all regularly scheduled inspections, maintenance and repairs, and all emergency situations. For example, the United States Department of Transportation imposes certain regulatory requirements on WBI in connection with the Pipeline, including pipeline patrolling, leakage surveys, line marker maintenance, valve maintenance, external and atmospheric corrosion control review and maintenance, and pipeline integrity management. *See,* 49 C.F.R. § 192 *et. seq.*; *Affidavit of Jeff Rust at* ¶ *11* (Doc. #44). WBI will suffer irreparable harm if it cannot access the Subject Property for such matters.

## CONCLUSIONS OF LAW

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Wellington v. Lyon County Sch. Dist.*, 187 F.3d 1150, 1154 (9th Cir. 1999). The party moving for summary judgment bears the initial burden of proof to identify the absence of a genuine issue of material fact. Once the moving party has satisfied this burden, the opposing party must set forth specific facts showing that there remains a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## Right to Take the Subject Property

1. WBI seeks to condemn the Subject Property pursuant to the Natural Gas Act ("NGA"), 15 U.S.C. § 717f(h), which reads in part:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line... for the transportation of natural gas, and the necessary land... for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line... it may acquire the same by the exercise of the right of eminent domain....

2. This Court has previously affirmed the elements necessary to condemn property under the NGA:

> In order to establish its right to condemn Defendants' property, Williston Basin must establish three elements: (1) that it holds a FERC certificate authorizing the relevant project, (2) that the land to be taken is necessary to the project; and (3) that the company and the landowners have failed to agree on a price for the taking following good faith negotiations. *Transwestern Pipeline Co., LLC v. 17.19 Acres,* 550 F.3d 770, 776 (9th Cir. 2008).

*Williston Basin Interstate Pipeline Company v. Property Interests Located in Carbon County, Montana,* 2010 WL 5104991 (D. Mont. 2010).

3. WBI is a natural gas company within the meaning of the Natural Gas Act, 15 U.S.C. § 717a(6); it is engaged in gathering, storing, and transporting natural gas in interstate commerce; and it holds a FERC Certificate of Public

Convenience and Necessity (the "Certificate") authorizing the construction, operation, and maintenance of the Pipeline. The first statutory element of WBI's right to condemn the Subject Property is met. *Williston Basin Interstate Pipeline Company v. Property Interests Located in Carbon County, Montana*, 2010 WL 5104991 (D. Mont. 2010). *Transwestern Pipeline Co., LLC v. 17.19 Acres*, 550 F.3d 770, 776 (9th Cir. 2008).

4. By issuing the Certificate to WBI, FERC has determined that the Subject Property is necessary to the operation of the Pipeline. This determination cannot be challenged by Defendants. *Williston Basin Interstate Pipeline Company v. Property Interests Located in Carbon County, Montana*, 2010 WL 5104991 (D. Mont. 2010) ("By issuing the Certificate of Public Convenience and Necessity under the Natural Gas Act, FERC has already determined that Defendants' property interests are necessary. Defendants have not offered any arguments to the contrary, and even if they did, such arguments would be an improper collateral attack on the FERC certificate."); *Williams Natural Gas Co. v. City of Oklahoma City*, 890 F.2d 255, 262 (10th Cir.1989); *Kansas Pipeline Co. v. 200 Foot by 250 Foot Piece of Land*, 210 F.Supp.2d 1253, 1256 (D. Kan. 2002) ("Once the holder of a FERC certificate of public convenience and necessity asks a district court to enforce its right to condemn, the findings of the FERC certificate are treated as

conclusive."). The second statutory element of WBI's right to condemn the Subject Property is met.

5. WBI negotiated in good faith with Mrs. Plainbull but was unable to reach an agreement. The final statutory element of WBI's right to condemn the Subject Property is met. *Transwestern Pipeline Co., LLC v. 17.19 Acres*, 550 F.3d 770, 776 (9th Cir. 2008).

6. WBI has met the requirements for condemning the Subject Property as requested in its First Amended Complaint. *Transwestern Pipeline Co., LLC v. 17.19 Acres*, 550 F.3d 770, 776 (9th Cir. 2008). Accordingly, WBI is entitled to the entry of an order granting it the right to condemn the Subject Property.

7. Condemnation of lands owned by Indians is allowed under 25 U.S.C. § 357. This section states as follows:

> Lands allotted in severalty to Indians may be condemned for any public purpose under the laws of the State or Territory where located in the same manner as land owned in fee may be condemned, and the money awarded as damages shall be paid to the allottee.

In enacting 25 U.S.C. § 357, Congress placed Indian allottees in the same position as any private landowner. *S. Cal. Edison Co. v. Rice*, 685 F.2d 354, 356 (9th Cir. 1982). However, 25 U.S.C. § 357 authorizes condemnation only of "lands allotted in severalty to Indians . . . ." This section may not be employed to condemn an interest in allotted lands which is beneficially owned by an Indian tribe. *Neb. Pub.*

9

*Power Dist. v. 100.95 Acres of Land*, 719 F.2d 956, 961 (8th Cir. 1983). Instead, consent of the Secretary and the proper tribal officials must be obtained pursuant to 25 U.S.C. § 324. The Crow Tribe owns undivided interests in allotments 1901 and 2009, and no law permits condemnation of tribal trust lands. *See United States v. Pend Oreille Pub. Util. Dist. No. 1*, 28 F.3d 1544, 1548 (9th Cir. 1994). Therefore, any condemnation or preliminary injunction order entered in this action is applicable only to the extent of Mrs. Plainbull's interest in the allotments and has no force with respect to the Crow Tribe's interest in allotments 1901 and 2009.

## Immediate Possession of Subject Property (Injunctive Relief)

1.  Although the NGA does not expressly allow the condemnor to take possession of the Subject Property before determining compensation for the taking, federal district courts can and do grant immediate possession in condemnation actions under the NGA through the preliminary injunction procedure set forth in Rule 65 Fed. R. Civ. P. *Transwestern Pipeline v. 17.19 Acres of Property*, 550 F.3d 770, 777-778 (9th Cir. 2008); *East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 831 (4th Cir. 2004).

2.  In the Ninth Circuit, a district court must first determine that a gas company has the substantive right to condemn property before exercising its

equitable power to grant the remedy of immediate possession though a preliminary injunction. *Transwestern Pipeline v. 17.19 Acres of Property*, 550 F.3d 770, 777-778 (9th Cir. 2008); *Northwest Pipeline Corp. v. The 20' x 1,430' Pipeline Right of Way*, 197 F.Supp.2d 1241, 1246 (E.D.Wash. 2002).

3. The traditional Ninth Circuit test for a preliminary injunction requires WBI to show:

    a. A strong likelihood of success on the merits,

    b. The possibility of irreparable injury if the preliminary injunction is not granted,

    c. The balance of hardships favors WBI, and

    d. The preliminary injunction advances the public interest.

*See e.g. Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. United States Dept. of Agriculture*, 415 F.3d 1078, 1092 (9th Cir. 2005); *Mayweathers v. Newland*, 258 F.3d 930, 938 (9th Cir. 2001) (*quoting Textile Unltd., Inc. v. BMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001)).

4. The alternative test requires WBI to show either:

    a. A combination of probable success on the merits and the possibility of irreparable injury, or

    b. That serious questions are raised and the balance of hardships tips sharply in the plaintiffs favor.

*Ranchers Cattlemen*, 415 F.3d at 1092-93; *Textile Unltd.*, 240 F.3d at 786. These

11

are not separate tests, but two points on a sliding scale where the required degree of irreparable harm decreases as the probability of success increases. *Id.* at 1093.

5. WBI has established its right to condemn the Subject Property, thereby succeeding on the merits; therefore, the degree of irreparable harm necessary for the relief requested herein becomes "minimal". *Kootenai Tribe of Idaho v. Veneman,* 313 F.3d 1094, 1124 (9th Cir. 2002) ("If plaintiffs had demonstrated a strong likelihood of success on the merits, then plaintiffs would have needed only to make a minimal showing of harm to justify the preliminary injunction."); *Earth Island Institute v. U.S. Forest Service,* 351 F.3d 1291, 1300 (9th Cir. 2003) ("[T]he degree of irreparable harm required for a preliminary injunction increases as the probability of success on the merits decreases, and vice versa.").

6. Mrs. Plainbull, through counsel, put WBI on notice that she will not allow it access to the Subject Property for any reason. WBI has shown that it must be able to access the Pipeline through the Subject Property for all regularly scheduled inspections, maintenance and repairs, and all emergency situations. The inability to access the Pipeline through the Subject Property is sufficient irreparable harm to support the granting of an injunction putting WBI in immediate possession of the Subject Property.

7. The potential harm to Mrs. Plainbull is slight, if any. The Pipeline is in place. The Court has awarded WBI possession of the Subject Property for purposes of the Right-of-Way. The timing of the taking does not increase the harm to Mrs. Plainbull. *East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 829 (4th Cir. 2004). Considering that Mrs. Plainbull's use of the Subject Property will not change after WBI is put possession, Mrs. Plainbull will suffer no hardship.

8. The public interest supports granting WBI immediate use and possession of the Subject Property. In enacting the NGA, Congress specifically determined that "[t]he business of transporting and selling natural gas for ultimate distribution to the public is affected with a public interest...." 25 U.S.C. §717(a). The purpose of the NGA is "[t]o ensure that consumers ... have access to an adequate supply of natural gas at reasonable prices." *Sage*, 361 F.3d at 830. When FERC issued the Certificate to WBI in connection with the Pipeline, it determined that the Pipeline was in the public interest. *Maritimes & Northeast Pipeline, LLC, v. 6.85 Acres of Land in Hancock and Penobscot Counties, Maine, et al.*, 537 F.Supp.2d 223, 227 (D. Maine 2008); *Kentucky Natural Gas Corporation v. Federal Power Commission et al.*, 159 F.2d 215, 218 (6th Cir. 1947) ("The basic purpose of the Natural Gas Act is protection of the public interest.").

9. Final determination of just compensation to be paid for the taking of title to the Subject Property will occur following a trial on the merits. WBI is seeking only possession of the Subject Property. Mrs. Plainbull's rights are adequately protected by substantive and procedural safeguards during the pendency of this action.

10. First, title to the Subject Property "[i]n an NGA [condemnation] case does not pass until compensation is determined and paid...." *East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 825 (4th Cir. 2004), citing *Danforth v. United States,* 308 U.S. 271, 284–85, 60 S.Ct. 231, 84 L.Ed. 240 (1939). If WBI fails to pay the just compensation awarded to Mrs. Plainbull following a trial on the merits, WBI will become a trespasser. *Id.* at 825-826, citing *Cherokee Nation v. S. Kan. Ry. Co.,* 135 U.S. 641, 659, 10 S.Ct. 965, 34 L.Ed. 295 (1890). Granting WBI possession of the Subject Property at this stage of the case does not change WBI's obligation to pay Mrs. Plainbull just compensation prior to taking title to the Subject Property, thereby protecting Mrs. Plainbull's rights. *Id.*

11. Second, if WBI is awarded possession of the Subject Property, this action may not be dismissed without the Court awarding compensation to Mrs. Plainbull for the possession taken. F.R.Civ.P. Rule 71.1(i)(1)(C). Mrs. Plainbull is assured compensation for the grant of possession to WBI in the Subject Property.

**NOW THEREFORE**, in accordance with the foregoing,

**IT IS HEREBY ORDERED AS FOLLOWS**:

A.      That WBI Energy Transmission, Inc., its successors and assigns, are hereby granted easements and rights-of-way to survey, lay, construct, operate, maintain, inspect, patrol, test, protect, increase or decrease the capacity of, changing the characteristics and capabilities of, repair, rebuild, replace, relocate, abandon in place, remove and remediate the Pipeline as it currently exists or may hereafter be located and for such other uses and purposes as the law may require of an owner and operator of a natural gas pipeline; together with the right to construct, operate, maintain, install, replace, renew, convert and relocate on, across, or over the easement and right-of-way certain stations, structures, and equipment for transportation, storage, gathering, compressing, pressurizing and pumping, along with such other stations, structures and equipment necessary to the proper operation of the Pipeline; together with roads, trails, tracks, paths, adjoining property, airspace, and other routes and means needed to access the Pipeline by ground or aeronautically for each and every one of the foregoing purposes, reasons and uses (each of the foregoing purposes, reasons and uses relating to the Pipeline easement and right-of-way and the associated access

easement and right-of-way are hereinafter referred to collectively as the "Easement").

B. That the Scope of the Easement is 50 feet wide, 25 feet on either side of the centerline of the Pipeline as it currently exists or may hereafter be located; together with such temporary staging, workspace, and area as is reasonably necessary for the purposes of the Easement; together with secondary access easements 20 feet wide across roads, trails, tracks, paths, and such portions of the Subject Property as may be necessary for the use of the Easement, along with the airspace above the Pipeline, all of which are needed to operate and access the Pipeline for the reasons, uses, and purposes stated hereinabove.

C. That the term of the Easement shall be for so long as WBI Energy Transmission, Inc., its successors and assigns, use or maintain the Pipeline or any portion thereof.

D. That the Pipeline and access routes under the Easement be initially located as follows:

| **Defendant** | **Map** | **Allotment No. and Description of Property** |
|---|---|---|
| Arvilla Plainbull and United States | Exhibit A hereto | # 2009 <br><br> TOWNSHIP 2 SOUTH, RANGE 29 EAST <br> Section 34: E1/2SE14, E1/2W1/2SE1/4 |

16

|  |  | Section 35: N1/2SW1/4, NW1/4<br><br>TOWNSHIP 5 SOUTH, RANGE 26 EAST<br>Section 21: N1/2SE1/4, SE1/4SE1/4 |
|---|---|---|
| Arvilla Plainbull and United States | Exhibit B hereto | # 1901<br><br>TOWNSHIP 5 SOUTH, RANGE 25 EAST<br>Section 10: SW1/4SW1/4<br>Section 15: W1/2NW1/4<br><br>TOWNSHIP 7 SOUTH, RANGE 25 EAST<br>Section 9: NW1/4SE1/4 |
| Arvilla Plainbull and United States | Exhibit C hereto | #2037-A<br><br>TOWNSHIP 6 SOUTH, RANGE 26 EAST<br>Section 6: S1/2SE1/4<br>Section 8: W1/2W1/2NW1/4 |
| Arvilla Plainbull and United States | Exhibit D hereto | #2036-A<br><br>TOWNSHIP 6 SOUTH, RANGE 26 EAST<br>Section 7: E1/2 |
| Arvilla Plainbull and United States | Exhibit E hereto | #1085-B<br><br>TOWNSHIP 6 SOUTH, RANGE 26EAST<br>Section 7: All |

E. That immediately upon deposit with the Court by WBI Energy Transmission, Inc., of $5,056.94, it shall have possession of the Subject Property for all purposes stated herein.

F. That the foregoing deposit shall be held for final distribution to Mrs. Plainbull following a determination of just compensation to be awarded herein.

**IT IS SO ORDERED,**

Dated this 7th day of February, 2017.

*Susan P. Waters*
Hon. Susan P. Waters,
United States District Court